IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-1410-CMA

RARAMURI CONSTRUCTION, INC.,

      Plaintiff,

v.

PINE GROVE HOTEL VENTURE, LLC, d/b/a Residence Inn Steamboat Springs,
MCP BUILD, INC.,
MULTI-FAMILY FRAMING, LLC, and
THE GUARANTEE COMPANY OF NORTH AMERICA,

      Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REMAND AND DENYING DEFENDANT MCP BUILD, LLC'S MOTION TO DISMISS**

---

This matter is before the Court on Plaintiff Raramuri Construction, Inc.'s Motion

for Remand (Doc. # 10) and MCP Build, LLC's Motion to Dismiss (Doc. # 8). For the

reasons that follow, Plaintiff's Motion for Remand is granted to the extent it seeks

remand of this case and denied to the extent that it seeks attorney fees and costs, and

this matter is remanded to the Routt County District Court. MCP Build, LLC's Motion to

Dismiss is denied without prejudice for lack of jurisdiction.

## I.      BACKGROUND

This is a breach-of-contract case related to the construction of the Residence Inn

Steamboat Springs. (Doc. # 4, ¶¶ 10-15). Plaintiff, Raramuri Construction, was a

framing subcontractor on the project. (Doc. # 4, ¶ 10). Plaintiff alleges that the

developer and two other contractors connected to the project failed to pay Plaintiff for materials used and labor performed on the project. (Doc. # 4, ¶¶ 10-15), (Doc. # 4, pp. 12-16). Plaintiff is now suing the owner of the property, Pine Grove Hotel Venture, LLC d/b/a Residence Inn Steamboat Springs ("Pine Grove"); the general contractor, MCP Build, Inc ("MCP"); MCP's insurer, the Guarantee Company of North America ("Guarantee"); and a subcontractor, Multi-Family Framing, LLC ("MFF"). (Doc # 4 ¶ 2-6).

Plaintiff initially filed its Complaint in Routt County District Court. (Doc. # 4). Defendant MCP removed the case to federal court on grounds of diversity jurisdiction. (Doc # 1, pp. 1-6). Plaintiff now seeks to have this case remanded to state court pursuant to 28 U.S.C. § 1441(b)(2). (Doc. # 10). That provision – known as the "forum defendant rule" – states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Plaintiff argues that, because Defendant Pine Grove is a Colorado corporation that was "properly joined and served," this Court lacks diversity jurisdiction over this case, and the case must be remanded pursuant to the forum defendant rule. Defendants counter that Pine Grove was not properly served and that the forum defendant rule therefore does not apply. (Doc. # 18, pp. 1-2).

The Court agrees with Plaintiff.

## II.     LEGAL STANDARDS

"The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which [a federal] statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971). Accordingly, removal statutes are construed strictly and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). To that end, the federal court must "resolve any doubts in favor of the [p]laintiff and against the exercise of federal jurisdiction*." Torres v. Am. Fam. Mut. Ins. Co.*, No. 07-cv-1330-MSK-MJW, 2008 WL 762278, at *3 (D. Colo. Mar. 19, 2008). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

## III.    DISCUSSION

### A.    SERVICE ON PINE GROVE

Plaintiff asserts that Pine Grove was properly served in this matter, rendering removal improper in light of the forum defendant rule provided for in 28 U.S.C. § 1441(b)(2). (Doc. # 10, p. 3). The Court agrees.

"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "[T]he forum defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction—to protect defendants against presumed bias of local courts—is not a concern because at least one defendant is a citizen of the forum state." *Morris v. Nuzzo*, 718 F.3d 660 (7th Cir. 2013). The Court must review the service of the in-state defendant in "accordance with state law." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019). The Court "must enforce plan and unambiguous statutory language according to its terms." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010).

The relevant rule governing service of process is C.R.C.P. 4(e)(4)(A). That rule provides that a plaintiff may properly serve a corporation:

> (4) . . . by delivering a copy [of the summons and complaint] to the registered agent for service . . ., or one of the following:
> > (C) An officer of any form of entity having officers, or that officer's secretary or assistant . . . .
>
> C.R.C.P. 4

The parties agree that Plaintiff effected service on Iver Retrum. (Doc. # 10, p. 3; Doc. # 10-2; Doc. # 18, pp. 3-4). Iver Retrum is the Vice President of Pine Grove. (Doc # 10-3, p. 2). A corporate vice president is an "officer" of the corporation. *See* OFFICER, Black's Law Dictionary (11th ed. 2019) ("Officer," in the contexts of a corporation, includes "a CEO, president, secretary, or treasurer."). Thus, Mr. Retrum is an "officer" of Pine Grove for purposes of C.R.C.P. 4. Rule 4 allows service on a corporation through its officers and Pine Grove was properly served when Mr. Retrum accepted service on its behalf.

Defendants argue, however, that proper service was not made on Pine Grove because service was not made on Pine Grove's registered agent, SBS Hotel Venture, LLC ("SBS"). (Doc. # 18, pp. 3-4). This argument fails.  Defendants concede that Pine Grove is a citizen of Colorado, and they apparently do not dispute that Mr. Retrum is its vice president or that Mr. Retrum accepted service on Pine Grove's behalf. (Docs, # 18, 18-1). Rather, they argue, in essence, that once a corporation designates a registered agent for service of process, the registered agent is the only person who can accept service on the corporation's behalf; all other forms of service recognized by Rule 4 are ineffective. Defendants cite no legal authority to support this argument. To the contrary, the plain language of Rule 4 allows plaintiffs to effect service on a corporation by serving the corporation's officers. Therefore, Pine Grove was "properly joined and served" in accordance with C.R.C.P. 4, and the forum defendant rule precludes this Court from hearing the case.[1]

## B.    ATTORNEY FEES AND COSTS ASSOCIATED WITH REMOVAL

Plaintiff next argues that it is entitled to attorney fees and costs incurred as a result of removal pursuant to 28 U.S.C. § 1447(c). (Doc. # 10, p. 2). "An order remanding the case may require payment of just costs and any actual expenses,

---

[1] Furthermore, "[t]he purpose of the requirement for serving process and a copy of the complaint upon a party defendant is to give that party notice of the commencement of the proceedings so that the party has an opportunity to attend and to prepare a defense." *Swanson v. Precision Sales & Serv.*, Inc., 832 P.2d 1109, 1111 (Colo. App. 1992). There appears to be no dispute that the service effected in this case was sufficient to put Pine Grove on notice of this lawsuit. The Court notes that Mr. Retrum was served at Pine Grove's address, which is also the address of Pine Grove's registered agent and its manager. (Docs. ## 10-2, 10-4).

including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, where no objectively reasonable basis exists, fees should be awarded." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005). In determining whether removal was reasonable and whether fees should be awarded, the Court balances "Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party . . . and Congress' basic decision to afford defendants a right to remove as a general matter. . . ." *Id.* at 133. However, "if a defendant's removal could be fairly supported by the law at the time, even if later deemed incorrect, a district court's discretionary decision not to award fees is appropriate. Indeed, most courts do not impose fees when the defendant had a legitimate ground for seeking removal*." CRC Constr. Consulting, LLC v. L. Co., Inc.*, No. 18-CV-02305-MSK-STV, 2019 WL 13032416, at *2 (D. Colo. July 12, 2019) (quoting *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1147 (10th Cir. 2004)).

The Court finds that an award of attorney fees and costs would be improper in this case. Although the Court finds that Defendant's jurisdictional arguments were incorrect, Defendant was nevertheless justified in asserting those arguments. (Doc. # 1). There is no evidence to suggest that MCP initiated removal for an improper purpose, such as to delay the litigation process or impose additional costs on the Plaintiff. Therefore, the Court finds that Plaintiff is not entitled to reasonable attorney fees and

costs incurred as a result of the removal because MCP had an objectively reasonable, though incorrect, basis to seek removal.

## C.    MOTION TO DISMISS

Due to the case being remanded to the Routt County District Court, Defendants' Motion to Dismiss (Doc. # 8) is denied for lack of jurisdiction.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Doc. # 10) is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED to the extent it seeks remand to the Routt County District Court. The Motion is DENIED to the extent it seeks attorney fees and costs.

In light of the foregoing, it is FURTHER ORDERED that MCP Build, LLC's Motion to Dismiss (Doc. # 8) is denied without prejudice for lack of jurisdiction.

It is FURTHER ORDERED that this action is remanded to the Routt County District Court for further proceedings.

DATED:  November 10, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge